**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| UNITED SERVICES AUTOMOBILE ASSOCIATION<br><br>Plaintiff<br><br>v.<br><br>BBVA USA<br><br>Defendant | Civil Action No.: 2:21-cv-00311 JRG<br><br>JURY TRIAL DEMANDED |

**ANSWER TO COMPLAINT WITH COUNTERCLAIMS**

Defendant PNC Bank, N.A., as successor by merger to BBVA USA (in that capacity, "BBVA"), hereby answers the allegations of plaintiff United Services Automobile Association ("USAA") contained in its Complaint and asserts counterclaims, as follows.

## I. "THE PARTIES"

1. BBVA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1, and on that basis denies them.

2. BBVA admits that BBVA USA has been acquired by The PNC Financial Services Group, and that BBVA's website, which speaks for itself, has provided customers with information about this transition. BBVA further admits that as of October 8, 2021, BBVA USA was merged into PNC Bank, N.A. BBVA otherwise denies the allegations in Paragraph 2.

3. BBVA admits that USAA has filed suit against PNC Bank, N.A. alleging infringement of USAA patents and that no such infringement has been found. BBVA otherwise denies the allegations in Paragraph 3.

4. BBVA admits that it does business in various parts of the United States, including in the Eastern District of Texas, and that USAA has brought an action purporting to assert

infringement of certain USAA patents by BBVA. The remaining allegations in Paragraph 4 purport to characterize this action and do not require a response. To the extent a response is required, BBVA denies the remainder of Paragraph 4.

## II. <u>"JURISDICTION AND VENUE"</u>

5. The allegations in Paragraph 5 are legal conclusions to which no response is required. To the extent a response is required, BBVA admits that the Court has subject matter jurisdiction over this lawsuit as currently alleged.

6. The allegations in Paragraph 6 are legal conclusions to which no response is required. To the extent a response is required, BBVA admits that it conducts business in the State of Texas and in the Eastern District of Texas, and that this Court has personal jurisdiction over BBVA in connection with this action. BBVA otherwise denies the allegations in Paragraph 6.

7. The allegations in Paragraph 7 are legal conclusions to which no response is required. To the extent a response is required, BBVA admits that venue is proper in the Eastern District of Texas, denies that it has committed acts of infringement in this District or anywhere else, and otherwise denies the allegations in Paragraph 7.

8. BBVA admits that it conducts business from locations within this District.

## III. <u>"FACTUAL ALLEGATIONS"</u>

9. BBVA admits that USAA has brought an action alleging infringement of patents it purports to have been assigned. BBVA lacks knowledge or information sufficient to form a belief regarding the remaining allegations in Paragraph 9, and on that basis denies them.

10. BBVA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10, and on that basis denies them.

11. BBVA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11, and on that basis denies them.

12. BBVA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12, and on that basis denies them.

13. The allegations in Paragraph 13 are legal conclusions to which no response is required. To the extent a response is required, BBVA admits that USAA has brought an action purporting to assert infringement of U.S. Patent Nos. 10,482,432 (the "'432 Patent"), 10,621,559 (the "'559 Patent"), 8,977,571 (the "'571 Patent"), 8,699,779 (the "'779 Patent"), 10,013,605 (the "'605 Patent"), and 10,013,681 (the "'681 Patent"), and denies that it has committed any infringement. BBVA lacks knowledge or information sufficient to form a belief regarding the remaining allegations in Paragraph 13, and on that basis denies them.

14. BBVA admits that the '432 and '559 Patents are titled "Systems and methods for remote deposit of checks," and that the issued patents list as their inventors Charles Lee Oakes III, Randy Ray Morlen, Bharat Prasad, and Troy Bartlette Huth. BBVA admits that the '432 and '559 Patents purport to claim priority to Application No. 11/591,247, filed on October 31, 2006. BBVA otherwise denies the allegations of Paragraph 14.

15. BBVA denies the allegations in Paragraph 15.

16. The allegations in Paragraph 16 purport to characterize the '432 and '559 Patents, which speak for themselves, and BBVA denies these characterizations. BBVA otherwise denies the allegations of Paragraph 16.

17. BBVA admits that the '571 Patent is titled "Systems and methods for image monitoring of check during mobile deposit," and that the issued patent lists as inventors Michael Patrick Bueche Jr., Bharat Prasad, Minya Liang, Reynaldo Medina, and Charles Lee Oakes, III.

BBVA admits that the application for the ’571 Patent, Application No. 12/545,127, was filed on August 21, 2009. The remaining allegations in Paragraph 17 purport to characterize the ’571 Patent, which speaks for itself, and BBVA denies these characterizations. BBVA otherwise denies the allegations of Paragraph 17.

18. BBVA admits that the ’779 Patent is titled “Systems and methods for alignment of check during mobile deposit,” and that the issued patent lists as inventors Bharat Prasad, Minya Liang, and Reynaldo Medina. BBVA admits that the application for the ’779 Patent, Application No. 12/549,443, was filed on August 28, 2009. The remaining allegations in Paragraph 18 purport to characterize the ’779 Patent, which speaks for itself, and BBVA denies these characterizations. BBVA otherwise denies the allegations of Paragraph 18.

19. BBVA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19, and on that basis denies them.

20. The allegations in Paragraph 20 purport to characterize certain PTAB proceedings, to which BBVA refers for a true and complete statement of their contents. BBVA denies any remaining factual allegations in Paragraph 20.

21. BBVA admits that the ’605 Patent is titled “Digital camera processing system,” and that the issued patent lists as its inventors Charles Lee Oakes III, Randy Ray Morlen, Michael Frank Morris, Reynaldo Bartlette Medina III, Greg Alan Harpel, Gabriel Glenn Gavia, Bharat Prasad, Frank Kyle Major, and Jeffrey Neal Pollack. BBVA admits that the ’605 Patent purports to claim priority to application No. 11/590,974, filed on October 31, 2006. BBVA otherwise denies the allegations of Paragraph 21.

22. The allegations of Paragraph 22 purport to characterize of the ’605 Patent, which speaks for itself, and BBVA denies those characterizations. BBVA otherwise denies the allegations of Paragraph 22.

23. BBVA admits that the ’681 Patent is titled “System and method for mobile check deposit,” and that the issued patent lists as its inventors Charles Lee Oakes III, Randy Ray Morlen, Bharat Prasad, and Troy Bartlette Huth. BBVA admits that the ’681 Patent purports to claim priority to application No. 11/591,247, filed on October 31, 2006. BBVA otherwise denies the allegations of Paragraph 18.

24. The allegations of Paragraph 24 purport to characterize of the ’681 Patent, which speaks for itself, and BBVA denies those characterizations. BBVA otherwise denies the allegations of Paragraph 24.

25. The allegations in Paragraph 25 purport to characterize certain PTAB proceedings, to which BBVA refers for a true and complete statement of their contents. BBVA denies any remaining factual allegations in Paragraph 25, and on that basis denies them.

26. BBVA denies the allegations in Paragraph 26.

27. BBVA denies the allegations in the first sentence in Paragraph 27. BBVA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence in Paragraph 27, and on that basis denies them.

28. BBVA admits that the Check 21 Act was enacted in 2003. BBVA lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 28, and on that basis denies them.

29. BBVA admits that the Accredited Standards Committee X9, Inc. is an organization accredited by the American National Standards Institute to develop standards for

the U.S. financial services industry, including DSTU X9.27-2003, which relates to electronic check exchange. BBVA otherwise denies the allegations in Paragraph 29.

30. BBVA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 30, and on that basis denies them.

31. BBVA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 31, and on that basis denies them.

32. BBVA denies the allegations in Paragraph 32.

33. BBVA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 33, and on that basis denies them.

34. BBVA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 34, and on that basis denies them.

35. BBVA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 35, and on that basis denies them.

36. BBVA admits that it is a bank in the United States and provides mobile banking services. BBVA admits that its website has referred to BBVA being “one of the top five banks in mobile deposit user experience in the 2018 Mobile Deposit Benchmark Report.” BBVA otherwise denies the allegations in Paragraph 36.

37. BBVA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 37, and on that basis denies them. BBVA admits that its website has stated that “Mobile Check Deposit allows you to quickly and easily deposit checks with your mobile phone” and that its website has stated that mobile check deposit via the BBVA Mobile App is quick, easy, and secure. BBVA otherwise denies the allegations in Paragraph 37.

38. BBVA admits that it has referred to mobile check deposit in video advertisements and has offered promotions to customers related to mobile deposit. BBVA denies any remaining factual allegations in Paragraph 38.

39. BBVA admits that some of its customers downloaded the BBVA Mobile Banking app for iPhone or Android devices, and that some of those customers used mobile check deposit functionality. BBVA otherwise denies the allegations in Paragraph 39.

40. BBVA denies the allegations in Paragraph 40.

41. BBVA denies the allegations in Paragraph 41.

42. Some of the allegations in Paragraph 42 purport to characterize and quote from selected portions of one or more documents. BBVA refers to those documents for a true and complete statement of their contents and otherwise denies the allegations in Paragraph 42.

43. BBVA admits that its website, at times, has referred to some information from American Banker, Bloomberg, Business Insider, and S&P Global. BBVA otherwise denies the allegations in Paragraph 43.

44. BBVA admits that its website, at times, has referred to some information from Javelin Strategy and Research. BBVA otherwise denies the allegations in Paragraph 44.

45. BBVA denies the allegations in Paragraph 45.

46. BBVA admits that, in November 2020, The PNC Financial Services Group, Inc. announced the signing of a definitive agreement to acquire an affiliate of BBVA USA and that the acquisition closed in June 2021. BBVA further admits that on October 8, 2021, BBVA USA was merged into PNC Bank, N.A. BBVA otherwise denies the allegations in Paragraph 46.

47. BBVA denies the allegations in Paragraph 47.

48. BBVA denies the allegations in Paragraph 48.

49. BBVA denies the allegations in Paragraph 49.

## IV. “FIRST CLAIM FOR RELIEF – ’432 PATENT”

50. BBVA repeats and incorporates by reference each and every response stated herein to each allegation in USAA’s Complaint, as if fully restated here.

51. BBVA admits that the ’432 Patent is titled “Systems and methods for remote deposit of checks” and was issued on November 19, 2019. BBVA admits that Exhibit A to the Complaint appears to be a copy of the ’432 Patent.

52. BBVA lacks knowledge or information sufficient to form a belief as to the allegations in the first sentence of Paragraph 52. BBVA otherwise denies the allegations in Paragraph 52.

53. BBVA denies the allegations in Paragraph 53.

54. BBVA denies the allegations in Paragraph 54.

55. BBVA denies the allegations in Paragraph 55.

56. BBVA denies the allegations in Paragraph 56.

57. BBVA denies the allegations in Paragraph 57.

58. BBVA denies the allegations in Paragraph 58.

59. BBVA denies the allegations in Paragraph 59.

60. BBVA denies the allegations in Paragraph 60.

61. BBVA denies the allegations in Paragraph 61.

## V. “SECOND CLAIM FOR RELIEF – ’559 PATENT”

62. BBVA repeats and incorporates by reference each and every response stated herein to each allegation in USAA’s Complaint, as if fully restated here.

63. BBVA admits that the ’559 Patent is titled “Systems and methods for remote deposit of checks” and was issued on April 14, 2020. BBVA admits that Exhibit B to the Complaint appears to be a copy of the ’559 Patent.

64. BBVA lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 64 and, on that basis, denies such allegations.

65. BBVA denies the allegations in Paragraph 65.

66. BBVA denies the allegations in Paragraph 66.

67. BBVA denies the allegations in Paragraph 67.

68. BBVA denies the allegations in Paragraph 68.

69. BBVA denies the allegations in Paragraph 69.

70. BBVA denies the allegations in Paragraph 70.

71. BBVA denies the allegations in Paragraph 72.

72. BBVA denies the allegations in Paragraph 72.

73. BBVA denies the allegations in Paragraph 72.

74. BBVA denies the allegations in Paragraph 74.

75. BBVA denies the allegations in Paragraph 75.

76. BBVA denies the allegations in Paragraph 76.

## VI. “THIRD CLAIM FOR RELIEF – ’571 PATENT”

77. BBVA repeats and incorporates by reference each and every response stated herein to each allegation in USAA’s Complaint, as if fully restated here.

78. BBVA admits that the ’571 Patent is entitled “Systems and methods for image monitoring of check during mobile deposit” and was issued on March 10, 2015. BBVA admits that Exhibit C to the Complaint appears to be a copy of the ’571 Patent.

79. BBVA lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 79 and, on that basis, denies such allegations.

80. BBVA denies the allegations in Paragraph 80.

81. BBVA denies the allegations in Paragraph 81.

82. BBVA denies the allegations in Paragraph 82.

83. BBVA denies the allegations in Paragraph 83.

84. BBVA denies the allegations in Paragraph 83.

85. BBVA denies the allegations in Paragraph 84.

86. BBVA denies the allegations in Paragraph 86.

## VII. “FOURTH CLAIM FOR RELIEF – ’779 PATENT”

87. BBVA repeats and incorporates by reference each and every response stated herein to each allegation in USAA’s Complaint, as if fully restated here.

88. BBVA admits that the ’779 Patent is entitled “Systems and methods for alignment of check during mobile deposit” and was issued on April 15, 2014. BBVA admits that Exhibit D to the Complaint appears to be a copy of the ’779 Patent.

89. BBVA lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 89 and, on that basis, denies such allegations.

90. BBVA denies the allegations in Paragraph 90.

91. BBVA denies the allegations in Paragraph 91.

92. BBVA denies the allegations in Paragraph 92.

93. BBVA denies the allegations in Paragraph 93.

94. BBVA denies the allegations in Paragraph 94.

95. BBVA denies the allegations in Paragraph 95.

96. BBVA denies the allegations in Paragraph 96.

97. BBVA denies the allegations in Paragraph 97.

98. BBVA denies the allegations in Paragraph 98.

## VIII. “FIFTH CLAIM FOR RELIEF – ’605 PATENT”

99. BBVA repeats and incorporates by reference each and every response stated herein to each allegation in USAA’s Complaint, as if fully restated here.

100. BBVA admits that the ’605 Patent is entitled “Digital camera processing system” and was issued on July 3, 2018. BBVA admits that Exhibit D to the Complaint appears to be a copy of the ’605 Patent.

101. BBVA lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 101 and, on that basis, denies such allegations.

102. BBVA denies the allegations in Paragraph 102.

103. BBVA denies the allegations in Paragraph 103.

104. BBVA denies the allegations in Paragraph 104.

105. BBVA denies the allegations in Paragraph 105.

106. BBVA denies the allegations in Paragraph 106.

107. BBVA denies the allegations in Paragraph 107.

108. BBVA denies the allegations in Paragraph 108.

109. BBVA denies the allegations in Paragraph 109.

110. BBVA denies the allegations in Paragraph 110.

111. BBVA denies the allegations in Paragraph 111.

112. BBVA denies the allegations in Paragraph 112.

113. BBVA denies the allegations in Paragraph 113.

114. BBVA denies the allegations in Paragraph 114.

## IX. "SIXTH CLAIM FOR RELIEF - '681 PATENT"

115. BBVA repeats and incorporates by reference each and every response stated herein to each allegation in USAA's Complaint, as if fully restated here.

116. BBVA admits that the '681 Patent is entitled "System and method for mobile check deposit" and was issued on July 3, 2018. BBVA admits that Exhibit F to the Complaint appears to be a copy of the '681 Patent.

117. BBVA lacks knowledge or information sufficient to form a belief, and on that basis, denies the allegations in Paragraph 117.

118. BBVA denies the allegations in Paragraph 118.

119. BBVA denies the allegations in Paragraph 119.

120. BBVA denies the allegations in Paragraph 120.

121. BBVA denies the allegations in Paragraph 121.

122. BBVA denies the allegations in Paragraph 122.

123. BBVA denies the allegations in Paragraph 123.

124. BBVA denies the allegations in Paragraph 124.

125. BBVA denies the allegations in Paragraph 125.

126. BBVA denies the allegations in Paragraph 126.

127. BBVA denies the allegations in Paragraph 127.

128. BBVA denies the allegations in Paragraph 128.

129. BBVA denies the allegations in Paragraph 129.

130. BBVA denies the allegations in Paragraph 130.

## X. **<u>"PRAYER FOR RELIEF"</u>**

BBVA denies that USAA is entitled to any of the relief it seeks.

## DEFENDANT BBVA'S AFFIRMATIVE DEFENSES

Without assuming any burden of proof that it otherwise would not bear, BBVA asserts the following separate and additional affirmative defenses, all of which are pleaded in the alternative.

### First Defense: Failure to State a Claim

The Complaint fails to state a claim against BBVA upon which relief can be granted.

### Second Defense: Noninfringement

BBVA does not infringe and has not infringed, either directly, contributorily, or by inducement, any claim of the '432, '559, '571, '779, '605, or '681 Patents (collectively, the "USAA Patents"), either literally or under the doctrine of equivalents. BBVA does not make, use, offer for sale, sell, or import (nor has BBVA made, used, offered for sale, sold, or imported) any product, method, or service in which all of the elements of an asserted claim are practiced, either literally or by the doctrine of equivalents. BBVA does not offer to sell or sell (nor has BBVA offered to sell or sold) a component of any product constituting a material part of any invention claimed in the USAA Patents knowing the component to be especially made or adapted for infringing those claims; and any such components are staples or commodities suitable for substantial noninfringing use. BBVA does not actively induce (nor has BBVA actively induced) and does not have knowledge of any induced acts that constitute infringement of any product or service in which all of the elements of an asserted claim are practiced, either literally or by the doctrine of equivalents.

**Third Defense: Ineligible Subject Matter**

All of the asserted claims of the USAA Patents are directed to ineligible subject matter pursuant to 35 U.S.C. § 101, including because they are directed to abstract ideas and do not recite additional elements amounting to an inventive concept.

**Fourth Defense: Invalidity**

All of the asserted claims of the USAA Patents are invalid pursuant to one or more provisions of the patent laws, including, but not limited to, 35 U.S.C. §§ 102, 103, and 112. The asserted claims are invalid under §§ 102 and 103 including because they are anticipated and/or rendered obvious by multiple items of prior art, such as prior art patents, publications, and systems. The asserted claims are invalid under §112 including because they are not adequately supported or enabled by the written description, because they are indefinite, and because they do not claim the subject matter which the inventors regard as their invention.

**Fifth Defense: Lack of Knowledge**

To the extent that USAA asserts that BBVA has indirectly infringed, either by contributory infringement or inducement of infringement, BBVA is not liable to USAA for the acts alleged to have been performed because BBVA did not know that any acts that it induced would infringe the USAA Patents or that any components were specially designed for infringement and that their combination with other components would infringe the USAA Patents.

**Sixth Defense: Prosecution History Estoppel and Disclaimer**

USAA is estopped from asserting infringement of any claim of the USAA Patents by reason of the admissions, representations, and amendments made during the prosecutions of the USAA Patents and during the prosecutions of related applications.

**Seventh Defense: Prosecution Laches**

The asserted claims of the USAA Patents followed an unreasonable unexplained delay in prosecution, thereby causing prejudice to BBVA and others, and thus USAA is barred under the doctrine of prosecution laches from enforcing those patent claims.

**Eighth Defense: Inventorship**

On information and belief, the true inventors of the USAA Patents were not correctly named in the patent applications. For example, application No. 11/591,247, the priority application for both the ’432 Patent and the ’559 Patent, was filed with drawings and declarations listing one inventor: Randy Ray Barth. Later, Randy Ray Barth was replaced by four different purported inventors. As another example, application No. 11/591,247, the priority application for the ’681 Patent, was filed with drawings and declarations listing one inventor: Randy Ray Barth. Later, Randy Ray Barth was replaced by four different purported inventors. As another example, Michael Morris or other USAA employees may have played a role in the inventions of the USAA Patents but are not listed as inventors. As another example, a member of USAA first used a digital camera to deposit a check before the filing of the application that eventually led to the ’432 Patent, the ’559 Patent, and the ’681 Patent.

**Ninth Defense: Failure to Mark**

USAA failed to properly mark its relevant products pursuant to 35 U.S.C. § 287, and so BBVA has no liability for any alleged infringement prior to actual notification of USAA’s claims of infringement, which occurred with the filing of the original complaint in this action. Accordingly, USAA’s claims for recovery of alleged damages may be limited by 35 U.S.C. § 287.

**Tenth Defense: Equitable Defenses**

USAA's claims for relief are barred, in whole or in part, under principles of equity including, but not limited to, waiver, estoppel, acquiescence, and/or unclean hands.

**Eleventh Defense: Adequate Remedy at Law**

BBVA contends that USAA is not entitled to injunctive relief under the factors that determine the availability of such relief. In particular, USAA's request for equitable relief is barred, in whole or in part, because USAA has an adequate remedy at law, because any alleged injury to USAA is not immediate or irreparable, and because the public interest does not favor an injunction.

**Twelfth Defense: Limitations on Recovery / No Willfulness**

USAA's request for damages, costs, or attorney's fees is barred, in whole or in part, by 35 U.S.C. §§ 285, 286, and/or 288.

USAA cannot prove that this case is an exceptional case justifying the award of attorneys' fees. USAA cannot establish that any alleged infringement of the USAA Patents by BBVA was willful. BBVA lacked intent to infringe a valid patent, BBVA lacked knowledge that its acts or any acts that it induced or any combination of its components would constitute patent infringement, and BBVA lacked knowledge that the asserted patents are valid.

**Thirteenth Defense: Inconvenient Forum**

This District constitutes an inconvenient forum for this action and it should be dismissed or transferred pursuant to the doctrine of forum non conveniens or 28 U.S.C. § 1404(a).

**Fourteenth Defense: Improper Patent Term Extensions**

The USPTO's calculation of the patent term extension for the '779 Patent was in error and did not comply with the requirements of 35 U.S.C. § 154(b); therefore, pursuant to 35 U.S.C. § 282(c), the patent term extension is invalid, in whole or in part. The '571 Patent is subject to a terminal disclaimer, which precludes USAA from asserting infringement of this patent beyond August 21, 2029.

**Reservation of Defenses**

BBVA reserves the right to assert and rely on any additional defenses and affirmative defenses that may become available or apparent, and to amend its answer and/or defenses.

**DEFENDANT BBVA'S COUNTERCLAIMS**

Defendant-Counterclaimant PNC Bank, N.A., as successor by merger to BBVA USA (in that capacity, "BBVA"), hereby asserts the following Counterclaims against United Services Automobile Association ("USAA") as follows:

**NATURE OF THE ACTION**

1. This is an action seeking declaratory judgment of non-infringement of U.S. Patent Nos. 10,482,432 (the "'432 Patent"), 10,621,559 (the "'559 Patent"), 8,977,571 (the "'571 Patent"), 8,699,779 (the "'779 Patent"), U.S. Patent Nos. 10,013,605 (the "'605 Patent") and 10,013,681 (the "'681 Patent"), and of invalidity of the '432 Patent, the '559 Patent, the '571 Patent, the '779 Patent, the '605 Patent, and the '681 Patent.

**PARTIES**

2. BBVA is a consumer and commercial bank now headquartered in Pittsburgh, Pennsylvania. BBVA has invested in evolving technology and innovation to enhance customer experiences in electronic and mobile banking.

3. On information and belief, Defendant USAA is a reciprocal interinsurance exchange and an unincorporated association organized under the laws of the State of Texas having a principal place of business at 9800 Fredericksburg Road, San Antonio, Texas, 78288. USAA provides insurance, banking, investment, and retirement products and services throughout the United States and across the world, including in this judicial district.

## JURISDICTION AND VENUE

4. Subject matter jurisdiction is based on 28 U.S.C. § 1338, in that this action arises under the federal patent laws of the United States (35 U.S.C. §§ 1, et seq.).

5. The Court has personal jurisdiction over USAA because it has submitted to the jurisdiction of this Court through the filing of its Complaint against BBVA.

6. Venue is proper in this Court because USAA filed the Complaint in this action.

## COUNTERCLAIM I

**(Declaratory Judgment of Non-Infringement of the ’432 Patent)**

7. BBVA incorporates the preceding paragraphs as if fully set forth herein.

8. In its Complaint, USAA alleges that BBVA makes, uses, sells, and/or offers to sell in the United States, and/or imports into the United States products that infringe one or more claims of the ’605 Patent under 35 U.S.C. § 271(a), (b) and (c). USAA in its Complaint has accused *BBVA Mobile Deposit*® and *BBVA Compass Mobile Check Deposit*, referred to collectively in the Complaint and herein as “BBVA Mobile Deposit,” of infringing the ’432 Patent.

9. BBVA does not infringe and has not infringed any asserted, valid and enforceable claim of the ’432 Patent under any theory of infringement.

10. Accordingly, there exists an actual and justiciable controversy between BBVA and USAA with respect to infringement of the ’432 Patent.

11. BBVA hereby seeks entry of a declaratory judgment that it does not infringe and has not infringed any asserted claim of the ’432 Patent.

## COUNTERCLAIM II

**(Declaratory Judgment of Non-Infringement of the ’559 Patent)**

12. BBVA incorporates the preceding paragraphs as if fully set forth herein.

13. In its Complaint, USAA alleges that BBVA makes, uses, sells, and/or offers to sell in the United States, and/or imports into the United States products that infringe one or more claims of the ’559 Patent under 35 U.S.C. § 271(a), (b) and (c). USAA in its Complaint has accused BBVA Mobile Deposit of infringing the ’559 Patent.

14. BBVA does not infringe and has not infringed any asserted, valid and enforceable claim of the ’559 Patent under any theory of infringement.

15. Accordingly, there exists an actual and justiciable controversy between BBVA and USAA with respect to infringement of the ’559 Patent.

16. BBVA hereby seeks entry of a declaratory judgment that it does not infringe and has not infringed any asserted claim of the ’559 Patent.

## COUNTERCLAIM III

**(Declaratory Judgment of Non-Infringement of the ’571 Patent)**

17. BBVA incorporates the preceding paragraphs as if fully set forth herein.

18. In its Complaint, USAA alleges that BBVA makes, uses, sells, and/or offers to sell in the United States, and/or imports into the United States products that infringe one or more claims of the ’571 Patent under 35 U.S.C. § 271(a), (b) and (c). USAA in its Complaint has accused BBVA Mobile Deposit of infringing the ’571 Patent.

19. BBVA does not infringe and has not infringed any asserted, valid and enforceable claim of the ’571 Patent under any theory of infringement.

20. Accordingly, there exists an actual and justiciable controversy between BBVA and USAA with respect to infringement of the ’571 Patent.

21. BBVA hereby seeks entry of a declaratory judgment that it does not infringe and has not infringed any asserted claim of the ’571 Patent.

## COUNTERCLAIM IV

**(Declaratory Judgment of Non-Infringement of the ’779 Patent)**

22. BBVA incorporates the preceding paragraphs as if fully set forth herein.

23. In its Complaint, USAA alleges that BBVA makes, uses, sells, and/or offers to sell in the United States, and/or imports into the United States products that infringe one or more claims of the ’779 Patent under 35 U.S.C. § 271(a), (b) and (c). USAA in its Complaint has accused BBVA Mobile Deposit of infringing the ’779 Patent.

24. BBVA does not infringe and has not infringed any asserted, valid and enforceable claim of the ’779 Patent under any theory of infringement.

25. Accordingly, there exists an actual and justiciable controversy between BBVA and USAA with respect to infringement of the ’779 Patent.

26. BBVA hereby seeks entry of a declaratory judgment that it does not infringe and has not infringed any asserted claim of the ’779 Patent.

## COUNTERCLAIM V

**(Declaratory Judgment of Non-Infringement of the ’605 Patent)**

27. BBVA incorporates the preceding paragraphs as if fully set forth herein.

28. In its Complaint, USAA alleges that BBVA makes, uses, sells, and/or offers to sell in the United States, and/or imports into the United States products that infringe one or more claims of the ’605 Patent under 35 U.S.C. § 271(a), (b) and (c). USAA in its Complaint has accused BBVA Mobile Deposit of infringing the ’605 Patent.

29. BBVA does not infringe and has not infringed any asserted, valid and enforceable claim of the ’605 Patent under any theory of infringement.

30. Accordingly, there exists an actual and justiciable controversy between BBVA and USAA with respect to infringement of the ’605 Patent.

31. BBVA hereby seeks entry of a declaratory judgment that it does not infringe any asserted claim of the ’605 Patent.

**COUNTERCLAIM VI**

**(Declaratory Judgment of Non-Infringement of the ’681 Patent)**

32. BBVA incorporates the preceding paragraphs as if fully set forth herein.

33. In its Complaint, USAA alleges that BBVA makes, uses, sells, and/or offers to sell in the United States, and/or imports into the United States products that infringe one or more claims of the ’681 Patent under 35 U.S.C. § 271(a), (b) and (c). USAA in its Complaint has accused BBVA Mobile Deposit of infringing the ’681 Patent.

34. BBVA does not infringe and has not infringed any asserted, valid and enforceable claim of the ’681 Patent under any theory of infringement.

35. Accordingly, there exists an actual and justiciable controversy between BBVA and USAA with respect to infringement of the ’681 Patent.

36. BBVA hereby seeks entry of a declaratory judgment that it does not infringe and has not infringed any asserted claim of the ’681 Patent.

**COUNTERCLAIM VII**

**(Declaratory Judgment of Invalidity of the ’432 Patent)**

37. BBVA incorporates the preceding paragraphs as if fully set forth herein.

38. The asserted claims of the ’432 Patent are invalid for failure to comply with the requirements of Title 35, United States Code, including but not limited to sections 101, 102, 103,

and/or 112 and the rules, regulations, and laws pertaining thereto. For example, and without limitation, the claims of the ’432 Patent are unpatentable under 35 U.S.C. § 103 in view of the Wells Fargo Desktop Deposit system and the Philips PCVC690K Vesta Pro Scan product (including camera and associated software).

39. Based on the Complaint, and the allegations of this Counterclaim, an actual and justiciable controversy exists between BBVA and USAA with respect to the alleged validity of the ’432 Patent.

40. BBVA hereby seeks a declaratory judgment that the asserted claims of the ’432 Patent are invalid.

## COUNTERCLAIM VIII

### (Declaratory Judgment of Invalidity of the ’559 Patent)

41. BBVA incorporates the preceding paragraphs as if fully set forth herein.

42. The asserted claims of the ’559 Patent are invalid for failure to comply with the requirements of Title 35, United States Code, including but not limited to sections 101, 102, 103, and/or 112 and the rules, regulations, and laws pertaining thereto. For example, and without limitation, the claims of the ’559 Patent are unpatentable under 35 U.S.C. § 103 in view of the Wells Fargo Desktop Deposit system and the Philips PCVC690K Vesta Pro Scan product (including camera and associated software).

43. Based on the Complaint, and the allegations of this Counterclaim, an actual and justiciable controversy exists between BBVA and USAA with respect to the alleged validity of the ’559 Patent.

44. BBVA hereby seeks a declaratory judgment that the asserted claims of the ’559 Patent are invalid.

## COUNTERCLAIM IX

**(Declaratory Judgment of Invalidity of the ’571 Patent)**

45. BBVA incorporates the preceding paragraphs as if fully set forth herein.

46. The asserted claims of the ’571 Patent are invalid for failure to comply with the requirements of Title 35, United States Code, including but not limited to sections 101, 102, 103, and/or 112 and the rules, regulations, and laws pertaining thereto. For example, and without limitation, the claims of the ’571 Patent are unpatentable under 35 U.S.C. § 103 in view of the Mitek ImageNet Mobile Deposit system and the Samsung SCH-i910 product.

47. Based on the Complaint, and the allegations of this Counterclaim, an actual and justiciable controversy exists between BBVA and USAA with respect to the alleged validity of the ’571 Patent.

48. BBVA hereby seeks a declaratory judgment that the asserted claims of the ’571 Patent are invalid.

## COUNTERCLAIM X

**(Declaratory Judgment of Invalidity of the ’779 Patent)**

49. BBVA incorporates the preceding paragraphs as if fully set forth herein.

50. The asserted claims of the ’779 Patent are invalid for failure to comply with the requirements of Title 35, United States Code, including but not limited to sections 101, 102, 103, and/or 112 and the rules, regulations, and laws pertaining thereto. For example, and without limitation, the claims of the ’779 Patent are unpatentable under 35 U.S.C. § 103 in view of the Mitek ImageNet Mobile Deposit system and the Samsung SCH-i910 product.

51. Based on the Complaint, and the allegations of this Counterclaim, an actual and justiciable controversy exists between BBVA and USAA with respect to the alleged validity of the ’779 Patent.

52. BBVA hereby seeks a declaratory judgment that the asserted claims of the ’779 Patent are invalid.

**Counterclaim XI**

**(Declaratory Judgment of Invalidity of the ’605 Patent)**

53. BBVA incorporates the preceding paragraphs as if fully set forth herein.

54. The asserted claims of the ’605 Patent are invalid for failure to comply with the requirements of Title 35, United States Code, including but not limited to sections 101, 102, 103, and/or 112 and the rules, regulations, and laws pertaining thereto. For example, and without limitation, the claims of the ’605 Patent are unpatentable under 35 U.S.C. § 103 in view of the Wells Fargo Desktop Deposit system and the LG VX9800 mobile phone product.

55. Based on the Complaint, and the allegations of this Counterclaim, an actual and justiciable controversy exists between BBVA and USAA with respect to the alleged validity of the ’605 Patent.

56. BBVA hereby seeks a declaratory judgment that the asserted claims of the ’605 Patent are invalid.

**Counterclaim XII**

**(Declaratory Judgment of Invalidity of the ’681 Patent)**

57. BBVA incorporates the preceding paragraphs as if fully set forth herein.

58. The asserted claims of the ’681 Patent are invalid for failure to comply with the requirements of Title 35, United States Code, including but not limited to sections 101, 102, 103, and/or 112 and the rules, regulations, and laws pertaining thereto. For example, and without limitation, the claims of the ’681 Patent are unpatentable under 35 U.S.C. § 103 in view of the Wells Fargo Desktop Deposit system and the LG VX9800 mobile phone product.

59. Based on the Complaint, and the allegations of this Counterclaim, an actual and justiciable controversy exists between BBVA and USAA with respect to the alleged validity of the ’681 Patent.

60. BBVA hereby seeks a declaratory judgment that the asserted claims of the ’681 Patent are invalid.

**PRAYER FOR RELIEF**

WHEREFORE**,** BBVA demands a trial by jury on all issues so triable, and BBVA respectfully requests entry of judgment in its favor as follows:

(a) That the Complaint in its entirety be dismissed with prejudice;

(b) That USAA takes nothing by its Complaint, including that USAA is not entitled to an award of compensatory damages, attorneys’ fees, costs, prejudgment or post-judgment interest under 35 U.S.C. §§ 284 or 285, or any applicable law;

(c) That BBVA be awarded the costs of defending this action, including attorneys’ fees, costs, and disbursements;

(d) Denial of any and all of USAA’s requests for relief;

(e) That BBVA has not infringed, and is not infringing, any valid and enforceable claim of the ’432 patent, ’559 patent, ’571 patent, ’779 patent, ’681 patent or the ’605 patent;

(f) That the asserted claims of the ’432 patent, ’559 patent, ’571 patent, ’779 patent, ’605 patent and the ’681 patent are invalid;

(g) An order awarding BBVA such other and further relief as this Court deems just and proper.

**JURY DEMAND**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, BBVA respectfully demands a jury trial of all issues triable to a jury in this action.

DATED: October 22, 2021

Respectfully submitted,

*/s/ Melissa R. Smith*

Melissa Richards Smith
Texas State Bar No. 24001351
GILLIAM SMITH LLP
303 S. Washington Ave.
Marshall, TX 75670
(903) 934-8450
melissa@gillamsmithlaw.com

*Attorneys for Defendant PNC Bank, N.A., successor by merger to BBVA USA*

## CERTIFICATE OF SERVICE

I certify that the foregoing document was filed electronically and served on all counsel of record by the Court's CM/ECF system on October 22, 2021.

*/s/ Melissa R. Smith*
Melissa R. Smith